IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

GARY S. DYMESICH,

       Plaintiff,

v.                                                  CIV No. 10-977 LH/ACT

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court for consideration of Plaintiff's Motion to Reinstate Complaint (Doc. 7), filed March 14, 2011. The Court concludes, resolving all doubts in Plaintiff's favor, that Plaintiff has come forward with valid grounds under Rule 60(b) for the Court to reconsider the dismissal of his complaint. Accordingly, the Motion to Reinstate Complaint will be **granted**.

**BACKGROUND**

On October 15, 2010, Plaintiff filed his Complaint against Defendant Hartford Life and Accident Insurance Company ("Defendant") alleging a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). By January 31, 2010, the docket showed no action in the case and failed to reflect that service of process had been made to Defendant. Therefore, on January 31, 2010, Magistrate Judge Richard Puglisi entered an Order to Show Cause, indicating that the case would be dismissed within thirty days, by March 2, 2011, unless good cause was shown for retention of the case on the Court's docket (Doc. 4). Plaintiff did not respond to the

Order to Show Cause, and, on March 9, 2011, the Court entered an Order of Dismissal Without

Prejudice (Doc. 6).  Five days later, on March 14, 2011, Plaintiff filed his Motion to Reinstate

Complaint, wherein counsel for Plaintiff asked the Court to forgive his "inadvertence" and to

reinstate Plaintiff's complaint.  Plaintiff suggests that service was in fact effected on Defendant

by March 1, 2011.  However, Plaintiff did not file a proof of service, or otherwise notify the

Court of such service, until after the matter was dismissed on March 9, 2011.

As grounds for his motion, Plaintiff' counsel attributes the failure to respond to the

Court's Order to Show Cause within thirty days, or to show good cause for retention of the case,

to the following:  inadvertence, a lack of adequate training of his support staff, a summons being

initially "mis-sent by the Federal Court and filtered out by counsel's 'junk mail filter,'" and a

breakdown of his e-mail communication system.

Defendant has not answered the Complaint or entered an appearance in the case.

### DISCUSSION

In the motion, Plaintiff asks the Court to reinstate his original complaint against

Defendant; however, he does not specify the particular rule of procedure under which he is filing

his motion.  Post-judgment motions asking a court to reconsider are typically made and

evaluated in accordance with either Fed. R. Civ. P. 59(e) (motion to alter or amend judgment) or

Fed. R. Civ. P. 60(b) (relief from judgement or order).  Federal courts have, at times, determined

whether such post-judgment motions arise under Rule 59(e) or Rule 60(b) by evaluating the

timing of the motion.  *See, e.g., Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312

F.3d 1292, 1296 n.3 (10th Cir. 2002).  However, the Tenth Circuit clarified, in *Jennings v.*

*Rivers*, 394 F.3d 850 (10th Cir. 2005), that district courts "should evaluate post-judgment

motions filed within ten days of judgment based on the reasons expressed by the movant, not the

timing of the motion." *Id.* at 855.

A Rule 59(e) motion is usually aimed at correcting "manifest errors of law or to present newly discovered evidence," *id.* at 854, while a Rule 60(b) motion may be aimed at relieving a party from a court's order for a number of enumerated reasons, including inadvertence, excusable neglect, fraud, a void judgment, or a satisfied judgment. *See* Fed. R. Civ. P. 60(b). Referring to his own "inadvertence," Plaintiff's counsel is apparently relying upon Rule 60(b)(1) for relief. *See* Fed. R. Civ. P. 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect").

Based on the Court's review of the record, the acts of so-called "inadvertence" by Plaintiff's counsel include: the failure to discover a November 17, 2010 e-mail from Court with an issued summons attached,[1] the failure to discover a January 31, 2011 Order to Show that was sent via e-mail, the failure to serve Defendant within Fed. R. Civ. P. 4(m)'s 120-day limit for service,[2] and the failure to respond to the Court's Order to Show Cause in any manner within the thirty days allowed for doing so. The question before the Court, then, is whether these instances of "inadvertence" constitute good cause for reopening the case under Rule 60(b).

Rule 60(b)(1) "is an extraordinary procedure which seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts." *Jennings*, 394 F.3d at 856 (internal quotes omitted). The Court must determine whether

---

[1] Although Plaintiff's counsel suggests that the e-mail was "mis-sent by the Federal Court," he does not provide any details of the transmission mistake allegedly committed by the Court or why the e-mail would have been filtered out by his office's "junk mail" filter.

[2] Given that Plaintiff' complaint was filed with the Court on October 15, 2010, Plaintiff had until February 12, 2011, to serve Defendant in accordance with Fed. R. Civ. P. 4(m).

excusable neglect has been established, resolving all doubts in favor of the party seeking relief.

*See id.*  The Tenth Circuit has offered the following guidance in striking this balance:

> For purposes of Rule 60(b), excusable neglect is understood to encompass situations in which failure to comply with a . . . deadline is attributable to negligence.  More generally, the ordinary meaning of neglect is to give little attention or respect to a matter, or, closer to the point for our purposes, to leave undone or unattended to esp[ecially] through carelessness.  The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.
>
> The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  Relevant factors include the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.  Fault in the delay remains a very important factor – perhaps the most important single factor – in determining whether neglect is excusable.  An additional consideration is whether the moving party's underlying claim is meritorious.
>
> A court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake.  A mistake . . . could occur in any [attorney's] office, no matter how well run.

*Id.* at 856-57 (internal quotes and citations omitted) (concluding that the district court abused its discretion in denying the plaintiff's motion to set aside the judgment, where the plaintiff and her counsel arrived approximately twenty minutes late to a scheduled damages hearing at which the court awarded zero dollars in damages based on a failure of proof).

Principally, the neglect of Plaintiff's counsel here can be characterized as a failure to properly monitor e-mail communications and docket activity in this matter, including the issuance of a summons by Court personnel and an Order to Show Cause.  As a result, Plaintiff's counsel missed two deadlines:  he failed to serve Defendant within Rule 4(m)'s 120-day limit,

and he failed to respond to the Court's Order to Show Cause within thirty days.

The Court acknowledges, as the Tenth Circuit has, that mistakes can and do occur, even in well-run law offices.  The omissions of Plaintiff's counsel appear to have been caused by simple carelessness or negligence and do not suggest a pattern of deliberate dilatoriness. Plaintiff's counsel, in apparent good faith, effected service upon Defendant on March 1, 2011, once he discovered his office's oversight.  He also sought reconsideration of the Court's Order of Dismissal quickly, within five days of its entry, limiting further delay and potential impact on judicial proceedings.  Finally, given the early stage of the proceedings and the fact that the Court's dismissal was without prejudice, there is little danger of prejudice to Defendant.

For all of these reasons, the Court concludes that Plaintiff's Motion to Reinstate Complaint is well taken and should be granted, though it cautions Plaintiff's counsel that, should a pattern of dilatoriness and delay emerge, it will certainly be less inclined to excuse such acts of neglect in the future.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reinstate Complaint (Doc. 7) is hereby **granted**.

**IT IS FURTHER ORDERED** that the Order of Dismissal entered by this Court on March 9, 2011, is hereby **vacated**.

_____
SENIOR UNITED STATES DISTRICT JUDGE